

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00524-CR

Steven Phillip **CHERRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR6408
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed:  February 1, 2017

DISMISSED FOR WANT OF JURISDICTION

A jury found Appellant Steven P. Cherry guilty of burglary as charged in count II of the indictment, and the trial court sentenced Appellant to thirty-years' confinement in the Texas Department of Criminal Justice—Institutional Division.  The sentence was imposed on August 9, 2016, and Appellant timely filed a motion for new trial on September 6, 2016.  *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Appellant timely filed a motion for new trial, his notice of appeal was due to be filed on November 7, 2016.  *See* TEX. R. APP. P. 26.2(a)(2).  The clerk's record contains the trial

court's certification of defendant's right to appeal, *see id.* R. 25.2(a)(2), but it does not contain a notice of appeal, *see id.* R. 26.2(a).

Accordingly, on December 13, 2016, we ordered Appellant to show cause in writing by January 12, 2017, why this appeal should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522 ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.").

On December 19, 2016, Appellant filed a pro se response stating he wants to pursue his appeal. He states his court-appointed trial counsel asked him if he wanted to appeal, he said yes, but he does not know whether his trial counsel filed a notice of appeal. The trial court appointed appellate counsel on December 2, 2016.

On January 13, 2017, Appellant's court-appointed appellate counsel moved this court for permission to file a late notice of appeal. Counsel notes she was appointed after the deadline to file a notice of appeal had passed and no notice of appeal was filed.

The appellate record confirms no notice of appeal was filed. "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *accord Olivo*, 918 S.W.2d at 522.

Accordingly, Appellant's motion to file a late notice of appeal is denied. We dismiss this appeal for want of jurisdiction.[1] *See Castillo*, 369 S.W.3d at 198; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 522; *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988) (no notice of appeal).

PER CURIAM

DO NOT PUBLISH

---

[1] Appellant may file an application for writ of habeas corpus for permission to pursue an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).